BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:12-MC-00072-KJM-DAD |
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $101,578.33 SEIZED FROM GOLDEN ONE CREDIT UNION ACCOUNT NUMBER 1250236-2, HELD IN THE NAME OF NICHOLAS STREET, and | |
| APPROXIMATELY $3,057.16 SEIZED FROM GOLDEN ONE CREDIT UNION ACCOUNT NUMBER 1250236-9, HELD IN THE NAME OF NICHOLAS STREET, | |
| Defendants. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.      On June 11, 2012, agents with the Internal Revenue Service ("IRS")
executed Federal seizure warrants at Golden One Credit Union in Sacramento,
California.  The agents seized approximately $101,578.33 from Golden One Credit Union
Account Number 1250236-2, held in the name of Nicholas Street and Approximately
$3,057.16 from Golden One Credit Union Account Number 1250236-9, held in the name of
Nicholas Street (hereafter the "defendant funds").  The IRS commenced administrative
forfeiture proceedings, sending direct written notice to all known potential claimants and

1

publishing notice to all others.  On or about June 20, 2012, the IRS received claims from Nicholas Jason Street and Nancy Sopeany Pheng Street ("Claimants") asserting an ownership interest in the defendant funds.

2.    In this action only, Claimants do not dispute the United States' representation that it could show at a forfeiture trial the following: (a) that in 2012, DEA agents investigated El Camino Wellness Center, located at 2511 Connie Drive, Sacramento, California.  Nicholas Jason Street was an owner of SANSCO, a California Corporation that owned El Camino Wellness Center, and Nancy Sopeany Pheng Street is Mr. Street's lawful wife; (b) that on or about June 8, 2012, federal agents executed search warrants at El Camino Wellness Center located at 2511 Connie Drive, in Sacramento, and at the Street's residence located at 6331 Riverside Blvd., Sacramento, and during the search of El Camino Wellness Center, agents found 174 marijuana plants, ten pounds of processed marijuana, and $44,374.00 in cash.  An additional $21,813.00 in cash was discovered during a search of the Street's residence located at 6331 Riverside Blvd.

3.    In this action only, Claimants do not dispute the United States' representation that it could also show at a forfeiture trial the following: (a) that on or about June 11, 2012, federal agents seized approximately $101,578.33 from Golden One Credit Union Account Number 1250236-2, held in the name of Nicholas Street and approximately $3,057.16 from Golden One Credit Union Account Number 1250236-9, held in the name of Nicholas Street; (b) that the defendant funds were seized pursuant to federal seizure warrants signed by Judge Dale A. Drozd, Magistrate Judge in the Eastern District of California; and (c) that the seizure warrants alleged that the defendant funds were subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C) and 21 U.S.C. § 881(a)(6), as fully described in each affidavit's factual recitation, Case 2:12-sw-00307-DAD, ECF No. 1, and Case 2:12-sw-00308-DAD, ECF No. 1.

4.    In this action only, Claimants do not dispute the United States' representation that it could show at a forfeiture trial that the defendant funds are forfeitable to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C) and 21 U.S.C. § 881(a)(6).

5.      Without admitting the truth of the factual assertions contained above, Claimants specifically denying the same, and solely for the purpose of reaching an amicable resolution and compromise of this matter, Claimants do not dispute the United States' representation that an adequate factual basis exists to support forfeiture of the defendant funds, that Claimants are the sole owners of the defendant funds, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, Claimants shall hold harmless and indemnify the United States, as set forth below.

6.      This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7.      This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant funds were seized.

8.      The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9.      The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10.     Upon entry of this Consent Judgment of Forfeiture, $67,000.33 of the $101,578.33 seized from Golden One Credit Union Account Number 1250236-2 and $3,057.16 seized from Golden One Credit Union Account Number 1250236-9, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C) and 21 U.S.C. § 881(a)(6), to be disposed of according to law.

11.     Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $34,578.00 of the $101,578.33 seized from Golden One Credit Union

Consent Judgment of Forfeiture

Account Number 1250236-2 shall be returned to claimants Nicholas Jason Street and Nancy Sopeany Pheng Street through attorney David M. Michael.

12.     The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds in this action only.  This is a full and final release in this action only applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

13.     Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant funds and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

14.     No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.  The stipulated settlement covers only the forfeiture claims and has no impact on (i) the pending criminal investigation, (ii) any subsequent criminal prosecution and/or any defenses thereto, or (iii) the pending action

///
///
///
///
///
///
///
///
///
///

4

1 for injunctive relief which is currently on appeal in the Ninth Circuit Court of Appeals

2 (Ct. App. Case Nos. 12-15991, 12-55775 and No. 12-16710).

3        15.    All parties will bear their own costs and attorney's fees.

4        IT IS SO ORDERED.

5 DATED  August 8, 2013        _____

6                              UNITED STATES DISTRICT JUDGE

7

8              **CERTIFICATE OF REASONABLE CAUSE**

9        Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the

10 Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that

   there was reasonable cause for the seizure of the above-described defendant funds.

11

12 DATED:  August 8, 2013

13

14                              _____

15                              UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      5